Dismissed and Memorandum
Opinion filed November 18, 2010.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-01048-CR

____________

 

MATTHEW JOSEPH COLLAZO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd District Court


Harris County, Texas

Trial Court Cause No. 1023350

 



 

MEMORANDUM
 OPINION

Appellant entered a guilty plea to tampering with evidence. 
In accordance with the terms of a plea bargain agreement with the State, the
trial court sentenced appellant on May 22, 2006, to confinement for three years
in the Institutional Division of the Texas Department of Criminal Justice. 
Appellant filed a pro se notice of appeal on August 10, 2010.  We dismiss the
appeal. 

A defendant’s notice of appeal must be filed within thirty
days after sentence is imposed when the defendant has not filed a motion for
new trial.  See Tex. R. App. P. 26.2(a)(1). 
A notice of appeal which complies with the requirements of Rule 26 is essential
to vest the court of appeals with jurisdiction.  Slaton v. State, 981
S.W.2d 208, 210 (Tex. Crim. App. 1998).  If an appeal is not timely perfected,
a court of appeals does not obtain jurisdiction to address the merits of the
appeal.  Under those circumstances it can take no action other than to dismiss
the appeal.  Id.

In addition, the trial court entered a certification of the
defendant’s right to appeal in which the court certified that this is a plea
bargain case, and the defendant has no right of appeal.  See Tex. R. App. P. 25.2(a)(2).  The trial court’s certification is included
in the record on appeal.  See Tex.
R. App. P. 25.2(d).  The record
supports the trial court’s certification.  See Dears v. State, 154
S.W.3d 610, 615 (Tex. Crim. App. 2005).

Accordingly, we dismiss the appeal.  

 

PER CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Yates and Christopher.

Do Not Publish C Tex. R. App. P. 47.2(b)